<hr />

### ℐ M'CONNEL *against* HALL.

A applied to B and purchased from him a tract of land upon which he paid one hundred dollars knowing at the time, that B's agent had sold the land to another. When B was informed that his agent had previously sold the land, he tendered back to A the purchase money which he had paid, but which he refused to accept.   In an action by A against B on the covenant, for not conveying, it was *held*, that he was entitled to recover back the sum of money which he had paid to B, but neither interest nor costs; notwithstanding the tender by B to refund, was not pleaded.

Error to *Westmoreland* county.

This was an action of covenant for not conveying a tract of land pursuant to the articles of purchase.   *William J. Hall* was the plaintiff and *John B. Connel* was the defendant.   After the plaintiff had given in evidence the article of agreement between him and the defendant, which contained also a receipt for the hand money, one hundred dollars: the defendant gave in evidence, that previously to the time when he sold the land to the plaintiff he had authorized *John Horrell* to sell it, and that he had actually sold it at the time when the plaintiff applied to purchase it; which fact was known to the plaintiff, but was not known to the defendant, who resided in the county of Butler.   It was also in proof, that when the plaintiff applied to buy the land, he misrepresented its condition and value to the defendant.   The contract on which this suit was brought, was in August, and in the following October, and before suit brought, the defendant offered to pay back to the plaintiff the money which he had received, but which he refused to accept.

The same offer was made on the trial of the cause.

The court below in answer to a point put by defendant's counsel,

(M'Connell *v.* Hall.)

instructed the jury, that the plaintiff was entitled to recover the money he had paid the defendant, with lawful interest from the time it was paid.   That the defendant could not avail himself of the tender, without pleading it specially, or bringing the money into court on the return of the writ.   The defendant excepted to this opinion

*Foster* for plaintiff in error.

*J. Findlay* for defendant in error.

The opinion of the court was delivered by

Gibson, C. J.—An action of covenant for not conveying pursuant to the articles of purchase, is a remedy, not to enforce the execution of the contract, but to recover nominal or substantial damages for the breach of it.   That the contract has been rescinded, furnishes no objection to a recovery, in this form, of purchase money paid on the articles; nor is it a reason that the remedy should be an action on the case for money had and received to the vendee's use.   The damages consequent on a disaffirmance of the contract, are exactly what the vendee would loose by it, which, in ordinary cases is the money advanced, and to retrieve this, it is unnecessary that he be driven from the security of his specialty, which covers the whole ground of the injury, to a simple contract, supposed to be implied by the law, which would be less beneficial.   For damages due upon a specialty, it seems to me an action of assumpsit could not be maintained.   The defence set up on the merits, is that the vendee knowing that the estate had already been sold by the agent of the vendor who was ignorant of it, concealed that fact at the time of the purchase; and the concealment was certainly a fraud; but one which does not impair the validity of the articles at law, and the question is how far it would give the vendor a right in equity not only to resist a specific execution of the contract, but to control the legal remedy on it.   It is clear that a chancellor would relieve him only on the foot of his having done equity to the vendee by a restoration of the purchase money.   But could the vendee insist upon both principal and interest?   It seems to me he could not; because he paid his money frauduently and to the prejudice of the vendor.   Though only that sort of fraud which is immediately involved in the execution of the instrument, can be pleaded to a deed in an action at law, yet to prevent a failure of justice, a defendant is allowed by our practice, under the plea of payment, in an action of debt, or performance in covenant, to shew whatever would be a good ground for an injunction.   Here the defendant having tendered the principal before suit brought, ought not to have been harrassed with an action; and though this be not an ordinary case where the tender can be pleaded and the money

(M'Connell *v.* Hall.)

brought into court, it is an equitable defence against the recovery of interest or costs. It seems to me therefore the court erred in directing that the plaintiff was entitled to interest in the shape of damages, and costs in default of pleading the tender and paying the money into court. In all beside, however, we perceive no error.

Judgment reversed and a *venire de novo* awarded.